IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LATEIEA S. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-433-MJR-RJD |
| | ) | |
| J & B FOODS OF CARBONDALE, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 65). The Motion is **GRANTED IN PART**.

On April 27, 2017, Plaintiff filed suit alleging Defendants discriminated against her because of her race and disability (pregnancy). On October 2, 2017, Plaintiff filed a First Amended Complaint which set forth new facts but maintained the allegations of discrimination because of pregnancy and race discrimination. Plaintiff, through counsel, now seeks leave to file a Second Amended Complaint setting forth six counts:

I. Race Discrimination – Title VII
II. Sex Discrimination – Title VII
III. Retaliation – Title VII
IV. Race Discrimination – Illinois Human Rights Act
V. Sex Discrimination – Illinois Human Rights Act
VI. Retaliation – Illinois Human Rights Act

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits

and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile when it is incapable of surviving a motion to dismiss. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

Plaintiff is attempting to add four new claims to this case seven months after the deadline to amend pleadings has passed and one month before the close of discovery. Defendants argue Plaintiff's motion is untimely, will cause undue delay in the case, is prejudicial to Defendants, and that the three counts brought under the Illinois Human Rights Act ("IHRA") are futile because they are time-barred.

The Illinois Human Rights Act requires claims be filed within ninety days after Plaintiff received a Notice of Right to Commence a Civil Action. 775 ILCS 5/7A-102(C)(4). Plaintiff received the Notice on March 10, 2017. Plaintiff did not raise state law claims pursuant to the IHRA in her original Complaint or First Amended Complaint. Plaintiff is filing claims pursuant to the IHRA for the first time in the proposed Second Amended Complaint. Because more than 90 days has lapsed between when Plaintiff alleges she received her Notice of Right to Sue and when she first asserted a claim in this Court pursuant to the IHRA, her IHRA claims are untimely.

The untimely IHRA claims are futile because they are incapable of surviving a motion to dismiss. The Court denies Plaintiff leave to add claims pursuant to the IHRA.

The Court finds, however, that allowing Plaintiff leave to amend the Title VII claims would not be prejudicial to Defendants. Defendants argue that Plaintiff was previously only proceeding on claims of race discrimination and sex discrimination and that the retaliation claim is a new theory of liability. However, the retaliation claim arises from the same set of facts as the sex discrimination claim. Defendants were on notice of Plaintiff's discrimination claims pursuant to Title VII and will not be unfairly surprised by amendments to those claims. Plaintiff is granted leave to file the proposed Second Amended Complaint setting forth the following counts:

   I. Race Discrimination – Title VII
  II. Sex Discrimination – Title VII
 III. Retaliation – Title VII

Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 65) is **GRANTED IN PART**. Plaintiff is **DIRECTED** to file the Second Amended Complaint as set forth above *instanter*.

**IT IS SO ORDERED.**

**DATED: June 1, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**